[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14183
Non-Argument Calendar

_____

D.C. Docket No. 6:18-cr-00028-CEM-TBS-1

UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

JERAD HANKS,

                                                            Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 13, 2020)

Before ROSENBAUM, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Jerad Hanks was convicted of bank robbery, 18 U.S.C. § 2113(a), and brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A). He now appeals the denial of his motion to dismiss the § 924(c) count in his indictment, arguing that federal bank robbery does not qualify as a predicate crime of violence for purposes of § 924(c). Hanks's arguments are foreclosed by binding circuit precedent. We therefore affirm.

Section 924(c) provides for a mandatory consecutive sentence for any defendant who uses or carries a firearm during and in relation to, or possesses a firearm in furtherance of, either a "crime of violence" or a "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). We review *de novo* whether an offense qualifies as a "crime of violence" under § 924(c). *United States v. McGuire*, 706 F.3d 1333, 1336 (11th Cir. 2013).

For the purposes of § 924(c), "crime of violence" means an offense that is a felony and

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3). We refer to subsection (c)(3)(A) as the "elements clause." Subsection (c)(3)(B), what we call the "residual clause," has been struck down by

the Supreme Court as unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).

We use a categorical approach to decide whether an offense satisfies the elements-clause definition. *McGuire*, 706 F.3d at 1336. Under that approach, we look solely to the elements of the offense of conviction, assume that the conviction rested upon the least of the acts criminalized, and then determine whether those acts qualify as a crime of violence. *United States v. Vail-Bailon*, 868 F.3d 1293, 1296 (11th Cir. 2017) (*en banc*), *cert. denied*, 138 S. Ct. 2620 (2018).

Federal bank robbery may be committed "by force and violence, or by intimidation." 18 U.S.C. § 2113(a). "Under section 2113(a), intimidation occurs when an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts." *United States v. Kelley*, 412 F.3d 1240, 1244 (11th Cir. 2005) (quotation marks omitted). Whether an act constitutes intimidation is viewed objectively, and a defendant can be convicted even if he does not intend for an act to be intimidating. *Id*.

Seeking reversal of his § 924(c) conviction, Hanks makes two interrelated arguments. First, he says that the "same constitutional vagueness infirmity" that led the Supreme Court to invalidate the residual clause also applies to the elements clause. The reason § 924(c)(3)(A) is vague, according to Hanks, is that it sweeps in offenses, like federal bank robbery, that can be committed without the use, attempted

3

use, or threatened use of physical force. That leads to his second argument, which is that federal bank robbery "by intimidation" lacks the required level of force or *mens rea* to qualify as a crime of violence under the elements clause. Hanks's two arguments therefore collapse into one: that federal bank robbery is not categorically a crime of violence under § 924(c)(3)(A).

As he acknowledges, however, we have held that federal bank robbery under § 2113(a), including "by intimidation," does categorically qualify as a crime of violence under the elements clause of § 924(c)(3). *In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016). We reasoned that federal bank robbery categorically qualifies as a crime of violence because "[a] taking 'by force and violence' entails the use of physical force [and] a taking 'by intimidation' involves the threat to use such force." *Id.* (*quoting United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016)).

Although Hanks believes that *Sams* was wrongly decided, we are bound by that decision under the prior-precedent rule because it has not been overruled or undermined to the point of abrogation by this Court sitting *en banc* or the Supreme Court. *See United States v. St. Hubert*, 909 F.3d 335, 345 (11th Cir. 2018) (holding that the prior precedent rule "applies with equal force" to published decisions involving applications to file second or successive habeas petitions), *cert. denied*, 139 S. Ct. 1394 (2019). And because *Sams* is controlling, we have no occasion to resolve any ambiguity through application of the rule of lenity, as Hanks proposes.

Because *Sams* holds that federal bank robbery is a crime of violence under the elements clause, Hanks's § 924(c) conviction is valid, notwithstanding the Supreme Court's invalidation of the residual clause. A crime needs to satisfy only one clause of § 924(c)(3) to be considered a crime of violence. Accordingly, we affirm the district court's denial of Hanks's motion to dismiss the § 924(c) count in his indictment, and we affirm his resulting conviction.

**AFFIRMED.**

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

| | |
|---|---|
| David J. Smith<br>Clerk of Court | For rules and forms visit<br>www.ca11.uscourts.gov |

January 13, 2020

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 18-14183-GG
Case Style: USA v. Jerad Hanks
District Court Docket No: 6:18-cr-00028-CEM-TBS-1

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joseph Caruso, GG at (404) 335-6177.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion